LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────

ANA JESSICA DEJESUS
on behalf of herself and all others similarly situated,

     Plaintiff,

         -against-

METROPOLITAN TRANSPORTATION
AUTHORITY,

     Defendant.

─────────────────────────────────────

Case No.:

**CLASS ACTION COMPLAINT**

Plaintiff, ANA JESSICA DEJESUS (hereinafter, "Plaintiff"), on behalf of herself and others

similarly situated, by and through her undersigned attorney, hereby files this Class Action

Complaint against Defendant, METROPOLITAN TRANSPORTATION AUTHORITY

(hereinafter, "MTA" or "Defendant"), and states as follows:

## <u>INTRODUCTION</u>

    1.     This class action seeks to end the civil rights violations committed by Defendant

against the deaf and hearing impaired, who seek to enjoy the full services of the New York City

Subway (hereinafter as the "Subway") in New York City.

2.      The Subway is maintained and operated by Defendant and provides mass transportation services to hundreds of thousands of passengers in New York City on a daily basis. The various re-routings of the Subway, which may occur at any time, are announced exclusively through speaker systems throughout railcars. Defendant fails to provide any alternative means such as digital screens displaying live train updates to assist hearing impaired and deaf passengers.

3.       Plaintiff, who currently lives in New York City, is a deaf and hard of hearing individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a public accommodation that is fully accessible to, and independently usable by, deaf and hard of hearing people.

4.      Approximately 36 million people in the United States are deaf or hard of hearing. Many of these individuals require captioning and other accommodations to comprehend announcements. Just as buildings without ramps bar people who use wheelchairs, audio announcements without text equivalents exclude individuals who are deaf and hard of hearing.

5.      Many deaf people enjoy using the Subway just as hearing people do. The lack of opportunity to enjoy the full services of the Subway means that deaf people are excluded from the rapidly expanding mass transportation services in New York City.

6.      Despite readily available accessible technology such as the technology in use on Subway platforms, Defendant has failed to include similar features inside of railcars wherein deaf passengers are unable to access announcements. Whereas Subway station platforms have electronic screens that display announcements, railcars do not. While onboard, hearing passengers can independently access Subway announcements and adjust their travels accordingly. However, due to the Subway's inaccessibility, deaf passengers are denied the

opportunity to independently navigate the Subway during route changes. Moreover, Defendant has failed to provide alternative mechanisms for deaf passengers to become aware of Subway announcements.

7.      Deaf people must rely on hearing companions to assist them in traveling by Subway. Without a hearing companion, Plaintiff must use unreliable visual cues, such as the activity of other passengers, to ascertain whether or not an announcement has been made.

8.      By failing to provide a visual equivalent to audio announcements for deaf passengers to independently travel by Subway, Defendant is violating basic equal access requirements under federal law.

9.      Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by mass transportation services and in other public accommodations that are inaccessible to deaf and hearing-impaired persons.

10.      Defendant has discriminated against Plaintiff and other similarly situated individuals by denying a qualified individual with a disability the opportunity to enjoy the full services of the Subway. Defendant has failed to provide deaf individuals opportunities to participate in the services provided by the Subway. Plaintiff brings this action to stop Defendant's discriminatory practice.

11.      This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal law, and to update mass transportation services provided by Defendant so that Plaintiff and the proposed

Class and Subclass of passengers who are deaf will have opportunity to enjoy the full services of the Subway. This complaint also seeks compensatory damages to compensate Class and Subclass members for having been subjected to unlawful discrimination.

## JURISDICTION & VENUE

12.     This Court has subject matter jurisdiction of this action pursuant to:

     a.  28 U.S.C. § 1331, 1343, and 1367, for Plaintiff's claims arising under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, ("ADA"); and

     b.  28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

13.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is authorized to conduct business within the state of New York, is conducting business within the jurisdiction of this State, and the acts constituting the violation of the ADA occurred in this State.

14.     Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

15.     Plaintiff is and has been at all times material hereto a resident of New York County, New York.

16.     Plaintiff is legally deaf and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), and the Rehabilitation Act. Plaintiff was born without hearing; as such, she is

legally deaf. Plaintiff frequently uses the Subway to and from her apartment in New York City. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to accurately hearing her world and independently traveling by Subway.

17.    Defendant is a governmental entity organized under the laws of the State of New York headquartered at 25 Jamaica Avenue, Brooklyn, New York 11207. Its registered agent address for service of process is located at 2 Broadway, New York, NY 10004.

18.    Defendant operates and maintains the Subway, which is a place of public accommodation. The Subway provides mass transportation through its network of trains throughout New York City. Plaintiff seeks opportunities to enjoy the full services of the Subway.

19.    In the spring of 2017, Plaintiff attempted to travel from her home address, 612 East 14th Street, New York, NY 10009, to LaGuardia Community College (hereinafter as "LAGCC"), located at 31-10 Thomson Ave, Long Island City, NY 11101. Plaintiff mounted an uptown bound 4 Train at 14th Street/Union Square Station and transferred to a Queens bound local 7 Train at Grand Central Terminal. Once onboard the Queens bound local 7 Train, Plaintiff planned to demount the train at 33rd Street in Queens, the nearest stop to LAGCC. Unbeknownst to Plaintiff,



*Figure 1: A comparative map of the local and express 7 train schedules*

the conductor made an audio announcement that this local train would be running express to 61st

Street in Queens (refer to Figure 1).

20.     Since she was unable to hear the announcement, Plaintiff remained on the train until

the next express stop at 61st Street, skipping 33rd Street, 40th Street, 45th Street, and 52nd Street.

This is one of numerous occasions on which Plaintiff was cost time, energy, and money due to

Defendant's failure to accommodate deaf passengers with accessible announcements during

unplanned service changes.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this case as a class action pursuant to Federal Rule of Civil

Procedure Rule 23, in that the class is so numerous that joinder of all members is impracticable

F.R.C.P. Rule 23(a)(1), there are questions of law and fact common to the class F.R.C.P. Rule

23(a)(2), the claims and defenses of the representative party is typical of those of the class F.R.C.P.

Rule 23(a)(3), and Plaintiff (as a representative party) will fairly and adequately protect the

interests of the class F.R.C.P Rule 23(a)(4).

22.     Pursuant to the F.R.C.P. Rule 23(a), (b)(1), (b)(2), and (b)(3), Plaintiff brings this

action as a class action on behalf of herself and all others similarly situated as members of the

Class ("Class Members'), defined as follows:

"All legally deaf individuals in New York City who have been and/or are being denied

opportunity to participate in or benefit from the aid, benefit or service provided by

Defendant through the New York City Subway, during the relevant statutory period."

23.     Excluded from the Class are: Defendant, its employees, its legal representatives,

assigns, and successors, any entity which owns/controls Defendant and its agents and assigns, and

any entities in which Defendant has a controlling interest. Also excluded is the Judge to whom this matter has been assigned, and including the Judge's immediate family.

24.     Plaintiff reserved the right to revise the Class definition based upon facts learned in the course of litigating this matter and through the discovery process.

25.     Thus, the Class Members to be represented by Plaintiff consist of hearing impaired individuals nationwide. As such, the Class is so numerous that a joinder of each individual member is impracticable; F.R.C.P. Rule 23(a)(1).

26.     Plaintiff is a representative of the Class due to the fact that she suffers from a qualified disability, in that she is hearing impaired.

27.     Defendant has discriminated against Plaintiff and the members of the Class by denying deaf individuals opportunity to enjoy the full services of the Subway in New York City.

28.     The questions of law and fact relating to the representative Plaintiff are similar and common to the law and fact questions which would be raised by other members of the Class if they were individually named plaintiffs herein.

29.     Similarly, the claims and defenses to be raised by and against the parties herein are typical of the claims or defenses which would be raised by the members of the Class if they were a party to this action.

30.     Plaintiff seeks injunctive relief for the implementation of the relief provided by the ADA which is the same relief which would be sought by each class member if he or she brought a claim individually.  Accordingly, Plaintiff (as a representative party for the Class) will fairly and adequately protect the interests of the Class.

31.     The relief sought herein is for the benefit of all members of the Class and consistent injunctive relief should be provided for each member of the Class.

32.     Absent this matter being pursued as a Class Action, most of the Class Members would find the cost of litigating their claims to be prohibitive and would have no effective remedy.

33.     Further, prosecution of this matter by individual members of the Class would only create a risk of inconsistent and varying adjudications and the establishment of incompatible standard by the Defendant and adjudication which may be dispositive of the interest of the other Class members.

34.     This case arises out of Defendant's common policy and practice of denying deaf individuals benefit or service provided through the Subway by the very nature of the audio announcements onboard the train.  Defendant has also failed to provide any alternative means such as electronic screens to assist hearing impaired and deaf passengers. Due to Defendant's policy and practice of failing to remove access barriers, deaf persons have been and are being denied opportunity to enjoy the full services of the Subway for New York City.

35.     There are common questions of law and fact common to the class, including without limitation, the following:

    a.  Whether Defendant is a "public accommodation" under the ADA;

    b.  Whether Defendant denies a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit or service due to the lack of accessible features with their Subway in violation of the ADA; and

    c.  Whether Defendant denies deaf individuals opportunity to participate in or benefit from the aid, benefit or service provided through the Subway due to the absence of any auxiliary aids associated with the Subway in violation of the ADA.

36.     The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, are severely hearing impaired or otherwise deaf, and claim that Defendant has violated the ADA by failing to make their Subway accessible to the class of people who are legally deaf.

37.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

38.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

39.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with hearing disabilities throughout the United States.

40.     References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

41.     The questions of law and fact common to Class Members predominate over any questions affecting the individual Plaintiff or individual Class Members. As a result, this class

action is the optimal method for reaching a fair and efficient adjudication of the controversy raised herein.

42.     Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

43.     Plaintiff and Class Members will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.


## FACTUAL ALLEGATIONS

44.     The Subway is a self-service means of public transportation that allows hearing passengers to travel independently by using its many audio signals and announcements without the assistance of an MTA officer or any other third party. The Subway is inaccessible to deaf and hearing-impaired individuals. During unplanned service changes, the Subway makes use of exclusively auditory announcements that require riders to identify and adjust their routes based on verbal announcements administered by the train conductor over a loudspeaker. As a result, all of the services and features provided by the Subway is only available to hearing passengers.

45.     Plaintiff requests that a designated car be provided with screens containing captioning of auditory announcements on each Subway train.

46.     While certain Subway cars contain screens that display information, such as a train's ultimate destination, they fail to display real-time information that can aid hearing-impaired passengers during unforeseen route changes. In South Korea, Seoul's transit system keeps

passengers informed with real-time screens located inside of its subway cars. The screens display live timers that count down the exact minutes remaining before the train makes its next stop.[1]

47.     Designated railcars for passengers with disabilities exist in transit systems around the world. For example, GO Transit of the Greater Toronto and Hamilton Areas in Canada has an "accessible railcar" that is always "the fifth car from the locomotive end of the train". Each of these cars has eight designated wheelchair areas on its lower level with retractable belts that enable passengers to secure their wheelchairs during travel. If special cars can be designed for wheelchair passengers, they should be designed for deaf and hearing-impaired passengers as well.[2]

48.     San Francisco's Bay Area Rapid Transit (hereinafter as "BART") provides a variety of accessibility features for its disabled passengers. BART cars have interior LCD screens and intercoms placed directly across from designated wheelchair areas. Through this feature, BART has enabled wheelchair passengers to independently access important travel information while onboard.[3]

49.     In August 2016, Defendant contracted a pilot program that announced various technological improvements for its buses. Notably, its "Digital Information Screens Pilot Program" includes audio and visual features that display important bus route information, such as digital screens displaying next stop announcements, service advisories, and other travel information. If this technology is to be installed inside of Defendant's buses, it should be installed inside of its Subway cars as well.[4]

---

[1] http://www.businessinsider.com/seoul-subway-system-beats-nyc-2015-12/#and-of-course-the-wi-fi-connection-was-solid-12 (Last Accessed 9-13-17).

[2] http://www.gotransit.com/public/en/travelling/accessibility.aspx (Last Accessed 9-13-17).
[3] http://www.bart.gov/guide/accessibility (Last Accessed 9-13-17).
[4] http://www.mta.info/news-countdown-clocks-new-york-city-transit-subways-buses/2016/08/04/mta-awards-contract-new-pilot (Last Accessed 9-13-17).

50.     The technology needed to make the Subway accessible to deaf passengers is readily achievable, and is already in use in other areas of the Subway system. This technology includes electronic screens that display real-time announcements located above Subway station platforms.

51.     Defendant is aware of means by which its existing Subway announcements could be made accessible to deaf individuals. Defendant could have provided any alternative means such as the installment of live update compatible screens to assist hearing impaired and deaf passengers. Nevertheless, Defendant has refused to make its Subway accessible to deaf individuals.

52.     Defendant thus provides accommodations, advantages, facilities, privileges, and services to passengers that contain access barriers. These barriers deny Plaintiff and deaf individual's opportunities to participate in or benefit from the aid, benefit, or service provided through the Subway.

53.     Hearing passengers who use the Subway have access to a variety of accommodations, advantages, facilities, privileges, and services, including the ability to travel using the Subway, without the assistance of an employee or another third party.

54.     In contrast, deaf passengers were not provided any alternative means to enjoy the service provided through the Subway.

55.     Under Title II of the ADA, Plaintiffs are entitled to opportunity to participate in or benefit from the aid, benefit or service provided by Defendant in the Subway. "No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity." 42 U.S.C. § 12132.

56.     Defendant has failed to provide any available onboard electronic screens to assist hearing impaired individuals to access the many important Subway announcements. Defendant does not provide any employees to assist hearing impaired passengers with unforeseen route changes while onboard.

57.     Defendant thus provides accommodations, advantages, facilities, privileges, and services to passengers that contain access barriers. By failing to remove these barriers to make the Subway accessible to deaf passengers, Defendant has denied Plaintiff and similarly situated deaf passengers' opportunity to participate in or benefit from the aid, benefit, or service provided in the Subway.

58.     Defendant has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    a.     implementing and maintaining services that discriminate against members of the putative class and subclasses with knowledge of such discrimination; and/or

    b.     implementing and maintaining services that are sufficiently intuitive and/or obvious as to constitute intentional conduct; and/or

    c.     failing to act in the face of the substantial likelihood of harm to class and subclass members' rights protected under federal law.

59.     Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## COUNT I – VIOLATIONS OF THE
## AMERICANS WITH DISABILITIES ACT

60.     Plaintiff on her own behalf and on behalf of Class Members re-allege and hereby incorporate all other paragraphs as if fully stated herein.

61.    Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 provides: "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

62.    Defendant is a public entity. 42 U.S.C. § 12131(1). The Subway is an aid, benefit or service provided by Defendant.

63.    There is readily available accessible technology that can be integrated into a single "Deaf Subway Car" per train to make the Subway independently accessible to deaf people. Providing the auxiliary aids and services mandated by the ADA in a single Subway car per train would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

64.    The acts alleged herein constitute violations of Title II of the ADA, 42 U.S.C. § 12132 *et seq.,* and the regulations promulgated thereunder. Patrons of Defendant who are deaf have been denied the opportunity to participate in or benefit from the aid, benefit or services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

65.    Defendant has discriminated and continues to discriminate against Plaintiff by excluding deaf individuals the opportunity to participate in or benefit from the services, programs or activities of Defendant. 42 U.S.C. § 12132.

66.    Plaintiff is an individual with a disability within the meaning of the ADA. Plaintiff has an impairment that substantially limits the major life activity of hearing. 42 U.S.C. § 12102(2)(A).

67.    Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

68.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability by denying the opportunity to participate in or benefit from the aid, benefit or services that are provided to other patrons who are not disabled in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12132 *et seq.* and/or its implementing regulations.

69.    Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

70.    The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

71.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

72.    Pursuant to 42 U.S.C. § 12133 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

73.    Pursuant to 42 U.S.C. §12133, this Court is vested with the authority to grant the Plaintiff and Class Members injunctive relief; including an order to:

a)    Require Defendant to cease and desist discriminatory practices and if necessary to cease and desist operations of its Subway until the requisite modifications are made such that the transportation service becomes accessible to persons with disabilities.

b)    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant.

## COUNT II – VIOLATIONS OF THE

## REHABILITATION ACT

74.     Plaintiff on her own behalf and on behalf of Class Members re-allege and hereby incorporate all other paragraphs as if fully stated herein.

75.     Plaintiff is legally deaf and therefore a qualified individual with disabilities under the Rehabilitation Act.

76.     Section 504 of the Rehabilitation Act, 29 U.S.C. §794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

77.     Defendant has discriminated against Plaintiff by failing to provide auxiliary aids and services necessary to ensure effective communication with individuals who are deaf or hard of hearing, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

78.     Defendant's actions were intentional, with reckless disregard, and with deliberate indifference to the rights and needs of the Plaintiff herein.

79.     Plaintiff request that the court enter judgement in her favor to declare that Defendant's actions violate the Rehabilitation Act of 1973, and award Plaintiff damages for her injuries, emotional suffering and reasonable attorney's fees and costs.


## DEMAND FOR RELIEF

WHEREFORE, Plaintiff on her own behalf and on behalf of the Class Members, hereby demand judgment against Defendant and request the following injunctive and declaratory relief:

a)      The Court to certify this matter as a Class action on behalf of the Class defined above, appoint Plaintiff as the Class representative, and appoint the undersigned as Class counsel;

b)    The Court to issue a declaratory judgment that Defendant has violated the Plaintiff's and Class Members' rights as guaranteed by the ADA;

c)    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12132, *et seq.*;

d)    A preliminary and permanent injunction requiring Defendant to take the steps necessary to make the Subway service readily accessible to and usable by deaf individuals, including;

e)    A declaration that Defendant is owning, maintaining and/or operating the Subway in a manner which discriminates against the deaf and which fails to provide access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12132, *et seq.*;

f)    An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorney as Class Counsel;

g)    Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by federal law;

h)    Defendant's installment of digital screens inside of a designated handicap railcar that will provide real-time updates of route changes;

i)    For pre- and post-judgment interest to the extent permitted by law; and

k)    The Court to award damages, including statutory damages where applicable, to Plaintiff and Class Members in an amount to be determined at trial;

l)    The Court to award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees; pre- and post-judgment interest to the extent allowable; and other

equitable relief as the Court deems proper; compensatory damages sustained by Plaintiff and the Class; statutory damages, including punitive damages; and permanent injunctive relief prohibiting Defendant from engaging in the conduct and practices complained of herein; and

m)   That the Court award such other and further relief as it deems necessary, just and proper.

DATED: September 15, 2017

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

By: _____*/s/ C.K. Lee*_____
              C.K. Lee, Esq.